IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRANCE LORNEL OLIVER, TDCJ NO. 73973, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-03026 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

TDCJ inmate Terrance Lornel Oliver has filed a petition for a writ of habeas corpus (Docket Entry No. 1) challenging a seventeen year old state court conviction under 28 U.S.C. § 2254. The petition will be **DISMISSED** as untimely.

I. **Procedural History and Claims**

Oliver was convicted of aggravated robbery with a deadly weapon and sentenced to twenty-five years in the Texas Department of Criminal Justice – Correctional Institutions Division. State v. Oliver, No. 694756 (174th Dist. Ct., Harris County, Tex., Jan. 10, 1996). The Court of Appeals for the First District of Texas affirmed the conviction the following year. Oliver v. State, No. 01-96-00082-CR, 1997 WL 33727 (Tex. App. Houston [14th Dist.] Jun. 19, 1997). No petition for discretionary review (PDR) was filed.

On line records indicate that Oliver filed three post conviction challenges pursuant to article 11.07 of the Texas Code

of Criminal Procedure in state court with regard to his aggravated robbery conviction. See Texas Court of Criminal Appeals Website, http://www.txcourts.gov/cca.aspx. The records for the District Clerk of Harris County reflect that Oliver filed his first post conviction challenge on September 13, 2013. See Harris County District Clerk Website, http://www.hcdistrictclerk.com. The Texas Court of Criminal Appeals denied the application without a written order based on the trial court's findings. Ex parte Oliver, 80,462-01 (Tex. Crim. App. Nov. 20, 2013). See Court of Criminal Appeals Website, supra. On February 5, 2014, Oliver filed a second state writ application, which the Court of Criminal Appeals dismissed for noncompliance. Ex parte Oliver, 80,462-02 (Tex. Crim. App. Apr. 16, 2014). See court websites, supra. On July 24, 2014, Oliver filed a third state habeas application, which was also dismissed for noncompliance. Ex parte Oliver, 80,462-03 (Tex. Crim. App. Aug. 6, 2014). See court websites, supra.

Oliver filed the pending federal petition for a writ of habeas corpus on October 14, 2014, as indicated by the signature on his petition (Docket Entry No. 1, p. 3). See Starns v. Andrews, 524 F.3d 612, 616 n.1 (5th Cir. 2008). This is the first post conviction challenge that Oliver has filed in federal court.

Oliver contends that he is entitled to relief because he is actually innocent and he claims that he would not have been convicted if his constitutional right to due process had not been

violated (Docket Entry No. 1-2, p. 6). He further argues that his due process rights were violated when he was subjected to an impermissibly suggestive identification process (Docket Entry No. 1-2, p. 13). Finally, Oliver contends that he was denied effective assistance of trial counsel. Id. at 17.

## II. One-Year Statute of Limitations

Oliver's habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right

asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

A state conviction becomes final under AEDPA when there is no further "'availability of direct appeal to the state courts.'" Jimenez v. Quarterman, 129 S.Ct. 681, 685 (2009), quoting Caspari v. Bohlen, 114 S.Ct. 948, 953 (1994).

### III. **Analysis**

Because no PDR was filed after the judgment against Oliver was affirmed by the Fourteenth Court of Appeals on June 19, 1997, his conviction became final on July 19, 1997, the last day he could have filed a notice of appeal. See Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (the limitations period commenced when the period for filing a PDR in state court ended), citing TEX. R. APP. PROC. 68.2(a); TEX. R. APP. PROC. 202(b) (West 1997 Mark v. Thaler, 646 F.3d 191, 193 (5th Cir. 2011). Therefore, Oliver would have been required to file his federal habeas petition on or before July

-4-

19, 1998. 28 U.S.C. § 2244(d)(1)(A).

If Oliver had properly filed a state post conviction challenge during the one year limitations period, limitations would have been tolled. 28 U.S.C. § 2244(d)(2). However, Oliver did not file his first state habeas application until September 13, 2013, more than sixteen years after the conviction became final. Consequently, none of his state habeas applications had any tolling effect. Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013), citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), citing § 2244(d)(2); see also Richards v. Thaler, 710 F.3d 573, 576 (5th Cir. 2013).

This court finds that this action would be barred as untimely under AEDPA because Oliver is challenging a conviction that was final more than seventeen years ago. See 28 U.S.C. § 2244(d)(1)(A). Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses sua sponte in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). Habeas petitioners are usually given an opportunity to respond when the court screening their federal habeas petitions find them to be untimely. See Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). The court finds that a response is not warranted in this proceeding because Oliver's federal habeas petition was filed more than seventeen years after his conviction became final. Therefore, Oliver's petition for writ of habeas

corpus will be dismissed pursuant to 28 U.S.C. § 2244(d) because it was filed more than one year after the challenged conviction became final.

## IV. Certificate of Appealability

Before Oliver can appeal the dismissal of his petition, he must obtain a Certificate of Appealability (COA). 28 U.S.C. § 2253 In order to obtain a COA, Oliver must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). In addition, Oliver must show that there is some debate on whether the district court was correct regarding its determination that the petition is untimely. See Ripkowski v. Thaler, 438 F. App'x 296, 301 (5th Cir. 2011), citing Hall v. Cain, 216 F.3d 518, 521 (5th Cir. 2000). A COA shall be **DENIED** because this action is clearly barred as untimely, and Oliver has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

## V. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED**, with prejudice as untimely. 28 U.S.C. § 2244(d).

3. A Certificate of Appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner; and a copy of the petition and this Memorandum Opinion and Order to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 30th day of October, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE